RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2010 SEP 29  A 11: 08

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) ) ) ) ) | C O M P L A I N T  2:10-cv-827  JURY TRIAL DEMAND |
| FOLEY PRODUCTS COMPANY | ) ) ) | |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Freddie Pharham who was adversely affected by such practices. As alleged with greater particularity in paragraphs seven (7) through sixteen (16) below, the Equal Employment Opportunity Commission alleges that Foley Products Company ("Defendant," "Foley") failed to promote and terminated Freddie Pharham because of his race (black).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Alabama, Northern Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continuously been incorporated in the State of Georgia, has continuously been doing business in the State of Alabama and the City of Clanton, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Freddie Pharham filed a charge with the Commission alleging violations of Title VII by Defendant Foley. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since in or about November 2007, Defendant engaged in unlawful employment practices at its Clanton, Alabama location, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-3(a), when it failed to promote and later terminated Freddie Pharham because of his race (black).

8. More specifically, Freddie Pharham was employed by Foley as the Lead Man in Defendant's Yard Department. The performance of Freddie Pharham as Lead Man was satisfactory to Respondent.

9. In or around June 2007, Freddie Pharham's supervisor was temporarily relocated to undergo management training. In his absence and on his recommendation, Defendant Foley temporarily assigned Freddie Pharham as Acting Supervisor in the Yard Department.

10. The performance of Freddie Pharham as Acting Supervisor was also

satisfactory to Respondent. Freddie Pharham expressed his interest in the same supervisory position on a permanent basis and discussed this interest with Defendant Foley.

11. When the supervisor position became available on a permanent basis, Foley denied knowing of Freddie Pharham's interest and, after being reminded by him, selected a less qualified white male employee to fill the position.

12. The applicant selected was substantially less qualified for the Yard Supervisor position than Freddie Pharham, who was not selected because of his race, black.

13. Defendant Foley transferred the white male into the Yard Department, had Freddie Pharham train him, then, in or around January 2008, promoted the white male employee to the position of Yard Department Supervisor.

14. In February 2008, Defendant Foley terminated Freddie Pharham allegedly as part of a lay-off that resulted in the discharge of only one Lead Man.

15. Freddie Pharham was more qualified than other similarly situated employees and was selected for lay off based upon his race.

16. Less qualified employees with lower performance and less seniority were retained as employees at the time Freddie Pharham was discharged from employment.

17. The effect of the practice(s) complained of in paragraphs seven (7) through

sixteen (16) above has been to deprive Freddie Pharham of equal employment opportunities and otherwise adversely affect his status as an employee because of his opposition to practices made unlawful by Title VII.

18. The unlawful employment practices complained of above were intentional.

19. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Freddie Pharham.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on race, including failing to promote employees based and terminating employees based on race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make Freddie Pharham whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

D. Order Defendant to make whole Freddie Pharham by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs seven (7) through sixteen (16) above, including, but not limited to, relocation expenses, job search expenses, medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Freddie Pharham by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs seven (7) through sixteen (16) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

F. Order Defendant to pay Freddie Pharham punitive damages for its malicious and reckless conduct described in paragraphs seven (7) through sixteen (16) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U. S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C.  20507

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

_____
JULIE BEAN
Supervisory Trial Attorney
D.C. Bar # 433292

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL  35205
(205) 212-2045
(205) 212-2041

7