IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CV-827-WKW |
| | ) | [WO] |
| FOLEY PRODUCTS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is Mr. Freddie Pharham's Rule 24(a)(1) Motion to Intervene. (Doc. # 76.) The Equal Employment Opportunity Commission and Foley Products Company filed responses (Docs. # 79, 80), to which Mr. Pharham replied (Doc. # 81). The EEOC does not oppose Mr. Pharham's motion to intervene. (Doc. # 79 ¶ 6.) Foley opposes Mr. Pharham's motion, arguing that it was not timely because the motion was filed more than a year after the case was filed. (Doc. # 80 ¶¶ 9, 11.) Mr. Pharham contends that his motion was timely because it was filed within sixteen days of learning that a conflict of interest existed between himself and the EEOC. (Doc. # 81 ¶ 5.) For the reasons discussed below, the motion is due to be granted.

Rule 24 of the Federal Rules of Civil Procedure requires a court to permit anyone to intervene who 1) is given an unconditional right to intervene by a federal

statute and 2) files a timely motion to intervene. Fed. R. Civ. P. 24(a)(1). Title VII confers an aggrieved person the unconditional right to intervene in a civil suit brought by the EEOC. 42 U.S.C. § 2000e-5(f)(1) ( A "person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC] . . . ."); *see also EEOC v. Pizza & Sub Express, Inc.*, No. 3:09-CV-85, 2009 WL 2912905, at *1 (M.D. Ga. Sept. 3, 2009) ("It is beyond dispute that Title VII confers an aggrieved employee with an unconditional right to intervene in civil law suits brought by the EEOC."). Mr. Pharham, as the charging party to this action, has an unconditional right to intervene by Title VII.

Mr. Pharham and Foley dispute the second requirement of Rule 24(a), whether Mr. Pharham's motion was timely. The determination of whether a motion to intervene is timely is within the district court's discretion. *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 854 (11th Cir. 1997) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977)[1]). "[T]imeliness is not limited to chronological considerations but is to be determined from all the circumstances." *Stallworth*, 558 F.2d at 263–64 (citations and internal quotation marks omitted). The timeliness inquiry involves consideration of four factors:

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

(1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*United States v. Jefferson Cnty.*, 720 F.2d 1511, 1516 (11th Cir. 1983) (citing *Stallworth*, 558 F.2d at 264–66.)  Additionally, a more lenient standard of timeliness should be applied where the proposed intervenor qualifies for intervention of right rather than permissive intervention.  *Stallworth*, 558 F.2d at 266.

After considering all four factors, the court finds that Mr. Pharham's motion to intervene is timely.  While Mr. Pharham filed his motion more than a year after the EEOC filed suit, he did so as soon as he discovered that a conflict of interest existed between himself and the EEOC.  Foley has proposed a confidential settlement to the EEOC.  The EEOC does not find the terms of this settlement to be agreeable; however, the terms are agreeable to Mr. Pharham.  (Doc. # 76, ¶ 2.)  As the charging party, Mr. Pharham has an interest in this litigation (in particular, back pay and compensatory damages for Foley's alleged violations) that may not be protected adequately if he is not allowed to participate.

There is some slight prejudice to the existing parties by allowing Mr. Pharham to intervene.  In its response, Foley states that it will be prejudiced by Mr. Pharham's

3

intervention because intervention will cause delay to the resolution of this case as there is a pending summary judgment motion and a trial date of February 27, 2012. (Doc. # 80, ¶ 11.)  However, the recent divergence of interests between the EEOC and Mr. Pharham is an unusual circumstance that has left Mr. Pharham's interests inadequately protected and warrants a finding that the motion was timely.

Accordingly, it is ORDERED that Mr. Pharham's Rule 24(a)(1) Motion to Intervene (Doc. # 76) is GRANTED and that Mr. Pharham may intervene as a plaintiff in this action.  It is further ORDERED that Mr. Pharham file his complaint in intervention **on or before February 2, 2012**.

Mr. Pharham and his counsel are also DIRECTED to attend the February 2, 2012 status conference (*see* Doc. # 78).  All parties should be prepared to discuss the posture of this case at the status conference, including Mr. Pharham's request for mediation.  (Doc. # 76.)

DONE this 31st day of January, 2012.

_____/s/ W.  Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE

4