IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10-CV-827-WKW |
| ) | |
| FOLEY PRODUCTS COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **CONSENT DECREE**

## **I. INTRODUCTION**

This action was brought by the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleging that Foley Products Company, ("Foley" or "Defendant") discriminated against Fred Pharham ("Mr. Pharham"), based on Mr. Pharham's race, African-American, in failing to promote Mr. Pharham and subsequently discharging him. The conduct at issue, which occurred at or in relation to Foley's facility in Clanton, Alabama, is alleged by the Commission to violate Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

Defendant denies all allegations of unlawful or wrongful conduct raised in the complaint. In the interest of resolving this matter and to avoid the expense of further litigation, and as a result of having engaged in comprehensive settlement negotiations, the Commission and Foley ("parties") have agreed that this action should be fully and finally resolved by entry of this Consent Decree.

Foley and the Commission stipulate to the jurisdiction of this court and waive a hearing and the entry of findings of fact and conclusions of law.

This Consent Decree constitutes the complete agreement between the parties with respect to matters referred to herein. This Consent Decree shall not be waived or amended except on agreement by the parties, and entry of the agreement, upon a joint motion by the parties, in the form of an order of the court.

## II. GENERAL PROVISIONS

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED, and DECREED that:

A. This court has jurisdiction over the parties and the subject matter of this action.

B. This Consent Decree is entered into by the Commission and Foley. This Consent Decree, and its terms, shall be final and binding on the Commission as well as on the Defendant, including its present and future representatives, agents, directors,

officers, assigns, and successors and all persons in active concert or participation with it.

C.  This Consent Decree shall fully and finally resolve all Title VII claims that were raised by the Commission in *EEOC v. Foley Products Company* [Civil Action No. 2:10-cv-827: United States District Court for the Middle District of Alabama, Northern District].  This Consent Decree shall fully and completely resolve all Title VII claims arising out of or contained in Charge No. 420-2008-02010.

D.  This Consent Decree does not affect any other administrative charges which may be pending with the Commission or any other cases pending in this or any other court.  This Consent Decree does not prohibit the filing with the Commission of charges of discrimination associated with claims that are not contained in, or do not arise out of, Charge No. 420-2008-02010.

E.  This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Foley of any culpable conduct or of a violation of Title VII.  This paragraph shall not be construed as placing any limit on remedies available to the court in the event that any party is found to be in contempt of this Consent Decree.

F. This Consent Decree shall be filed in the United States District Court for the Middle District of Alabama, Northern Division, and shall continue in effect for a

period of twenty-four (24) months from the date this Consent Decree is entered by the court.

G. This Consent Decree shall apply to Defendant's operations, and all employees, applicants for employment, managers and supervisors, in the State of Alabama.

H. The Commission sought monetary relief for Mr. Pharham as part of its complaint in this action. Those claims for monetary relief have been resolved by Mr. Pharham with the advice of separate counsel.

I. Foley shall comply fully with all provisions of this Consent Decree and Title VII. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant under Title VII or the Commission's authority to process or litigate any charge of discrimination that may be filed against Defendant in the future.

### III. GENERAL INJUNCTIVE RELIEF

A. Race Discrimination: Foley and its officers, agents, management (including supervisory employees), successors, and assigns, and all those in active concert or participation with them, or any of them, are enjoined from:

> 1. discriminating against any employee or applicant for employment based on his/her race including, but not limited to, failing to promote or hire an employee based on his/her race;

    2. terminating an employee based on his/her race, engaging in racial harassment; and

    3. taking any other adverse employment action against an employee based on his/her race.

B.  Foley and its officers, agents, management (including supervisory employees), successors, and assigns, and all those in active concert or participation with them, or any of them, shall comply with the provisions of Title VII prohibiting discrimination based on race, and retaliation against employees who engage in activity protected by Title VII.

C. Foley shall develop policies, procedures, and programs aimed at preventing and correcting race discrimination at all its offices, facilities, plants, and business locations in Alabama. The policies, procedures, and programs shall include and require the following:

    1. Directions and guidance to employees, supervisors and managers on how to recognize and identify race discrimination;

    2. Directions and guidance to employees, applicants for employment, supervisors and managers on reporting race discrimination;

    3. Training for employees, supervisors and managers on Title VII prohibitions against race discrimination, Foley's anti-discrimination policies, procedures, and programs, and the requirements contained in this Consent Decree;

    4. A method and means of addressing, responding to, investigating and resolving claims, allegations, reports and complaints of race discrimination;

5. Disciplinary and corrective action to be taken against supervisors and managers who are found to have engaged in, promoted, tolerated and/or failed to address or investigate known or reported race discrimination;

6. Disciplinary and corrective action to be taken against employees who engage in, assist, promote, or participate in race discrimination;

7. A system for collecting, maintaining, and retaining documents and records associated with reports, allegations and complaints of race discrimination;

8. A statement committing to nondiscrimination on the basis of race signed by a senior Foley official and addressed to supervisors and managers. The statement also shall encourage supervisors and managers to act promptly in accordance with policy when confronted with complaints or reports of race discrimination;

9. A system for retaining documents obtained, created, or generated as part of Foley's investigation of claims, reports and allegations of race discrimination; and

10. A provision identifying by position three senior officials of Foley to whom employees may report claims, allegations and complaints of race discrimination and retaliation.

## IV. TRAINING

A. Within ten (10) months of the entry of this Consent Decree, Foley shall present to all of its employees, hourly and salaried, at least one hour of in-person mandatory training on Title VII prohibitions against race discrimination in the workplace. Foley represents it has recently completed training of this character in May 2012. The training shall be videotaped. The training shall cover:

    1.  the historical support for Title VII prohibitions against race discrimination;

    2. a definition of workplace race discrimination that comports with Title VII;

    3.  examples of conduct, including failing to hire based on race, failing to promote based on race, making job assignments based on race, terminating employees based on race, favoring employees in others terms and conditions of employment based on race that could constitute race discrimination, and a violation of Title VII prohibitions against race discrimination; and

    4. Foley's racial discrimination policies, procedures, programs, and this Consent Decree.

The training may be conducted by consultants/lecturers retained by Foley who have prior experience training employees, supervisors, and managers on race discrimination in the workplace. The purpose of the training shall be to give the participants a thorough understanding of workplace race discrimination, their obligation not to engage in workplace race discrimination, their rights and responsibilities as victims of or witnesses to workplace race discrimination, guidance on how to identify and report workplace race discrimination, Foley's obligations and commitments to prevent and correct racial discrimination in its workplace, and the protections afforded employees who oppose or participate in activities aimed at addressing or responding to workplace race discrimination. This initial training shall be attended by senior management officials.

B.  The training will be repeated (with modifications to ensure its compliance with the law but, otherwise, on the same terms and conditions) once every twelve (12) months after the first training is completed.  All newly-hired Foley employees, hourly and salaried, shall be required to watch the video of the training described above within thirty (30) days of their hire date, if the annual training does not occur before then.

C.  For each training conducted pursuant to this Consent Decree, Foley shall generate a registry containing signatures of all persons who attend the training, or review the videotaped training.  Each registry shall be retained by Foley for the duration of the Consent Decree.

D.  Each training session shall be delivered in accord with an outline prepared at least one-week in advance of the training.  The outline, all training materials (pamphlets, brochures, agendas, videos), and the registry shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above, within thirty (30) days after each training session.  Acceptance or review of these materials by EEOC shall not constitute approval of the said materials, but may be retained for compliance purposes.

## V. **EMPLOYEE RECORDS**

A. Defendant shall remove and discard from all personnel files, and any other file in its possession, notes, documents, and/or records of any kind (including computer records and electronically stored records) of any adverse, disciplinary, corrective, failure to promote, and/or discharge actions taken against, or in relation to Mr. Pharham, and all records, which are disparaging to Mr. Pharham, personally or professionally, and all records, which are personally or professionally, directly or indirectly, disparaging of the African-American race.

B. Foley shall not divulge, directly or indirectly, to any employer or potential employer of Mr. Pharham, any of the facts or circumstances related to the underlying charge of discrimination against Defendant, or the lawsuit resulting from the heretofore referenced charge of discrimination or any of the events relating to Mr. Pharham's participation in the instant litigation.

C. Foley shall provide, on inquiry from any prospective employer of Mr. Pharham, the following employment information:

    1. the dates of Mr. Pharham's employment;

    2. the employment positions held by Mr. Pharham during his tenure with Foley;

    3. Mr. Pharham's salary at the time of his termination; and

      4. a statement that Defendant's policy is to provide only neutral employment references for all former employees of the Defendant.

D. Foley agrees that Mr. Pharham, in any employment search or related activity, may respond to any request for any employment reference by referring the person/entity making such a request to Foley's Human Resources Department. Foley's Human Resource Department will provide Mr. Pharham with the comments and neutral employment reference set forth in paragraph C above.

## VI. **POSTING OF NOTICE**

A. Within sixty (60) business days after entry of the Consent Decree, Defendant shall post 8-1/2-inch-by-11-inch sized copies of the Notice attached as Exhibit A to the Consent Decree at each of its offices, facilities, plants, and business locations in Alabama. The Notice shall be signed by the most senior official of Foley and placed conspicuously on bulletin boards or other things typically used by Defendant to post government required notices to employees, and in areas frequented by Foley employees.

B. Defendant shall provide a copy of the signed Notice, and a statement of the date(s) and location(s) of its posting, to the attention of the Regional Attorney of EEOC's Birmingham District Office, at the address set forth above, within ten (10) days of the posting. Defendant shall permit a representative of the EEOC to enter Foley's offices, facilities, plants, and business locations in Alabama at any time during

normal business hours for the purpose of verifying compliance with this paragraph, and this Consent Decree.

C.  Defendant shall take all reasonable steps to ensure that the postings are not altered, defaced, covered by any other material, or removed.  Should the posted copy become altered, defaced, covered or removed, or become otherwise illegible, Defendant shall re-post promptly a legible copy in the same manner as heretofore specified.  The posted Notice shall be the same type, style and size as the printing on Exhibit A and shall bear the signature of a senior officer of Foley.

## VII.  **EEOC DISCRIMINATION REPORTS**

A.  Defendant shall submit to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, every 180 days following the effective date of the Consent Decree, a report containing the following regarding complaints and reports of racial discrimination and retaliation in or in relation to its workplace:

> 1.  the name(s) of all its applicants and employees who filed complaints of, or reported, racial discrimination and retaliation;
>
> 2.  the supervisor, manager or FIR person to whom the complaint, or report, of racial discrimination or retaliation was made;
>
> 3.  the date the complaint or report of racial discrimination or retaliation was relayed to, or received by, Foley;

11

4. a description of the conduct underlying the complaint or report of race discrimination or retaliation, including whether the alleged harasser was a supervisor, manager or co-worker;

5. a statement disclosing whether Defendant was aware of any actual or report of prior racial misconduct involving the accused perpetrator of race discrimination or retaliation;

6. the status of any inquiry or investigation into each report or complaint of race discrimination or retaliation;

7. if concluded, Foley's findings, conclusions and determinations in relation to each inquiry or investigation into each report or complaint of race discrimination or retaliation;

8. a description of any personnel (i.e., disciplinary, corrective, performance evaluation) action taken in response to the allegation and/or the finding; and

9. the name, position and role of each person involved in any investigative, reviewing, conferring, consulting, recommending or decisionmaking capacity for any event set forth in items (1)–(8) above.

Defendant shall take all reasonable steps to discover information responsive to the nine (9) items set forth above including, but not limited to, interviewing and surveying its employees, supervisors and managers, and reviewing records.

B. If Defendant is unaware of any reported or complained of racial misconduct or retaliation during the 180-day reporting period, it should so state. The report to the Regional Attorney should be signed and affirmed by a senior officer of Foley.

## VIII.  DISPUTE RESOLUTION

A.  In the event that either party to the Consent Decree believes that the other party has failed to comply with any provision(s) of the Consent Decree, the complaining party shall notify the other party of the alleged non-compliance within thirty (30) days of discovery of the alleged non-compliance, and shall afford the alleged non-complying party thirty (30) days from the date the non-compliance notice is issued to remedy the non-compliance, or to satisfy the complaining party that the alleged non-complying party has complied.

B.  If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within the thirty (30) days set forth in A above, the complaining party may apply to the court for appropriate relief.

## IX.  COSTS AND ATTORNEY'S FEES

Each party shall bear its own attorney's fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## X.  DURATION OF CONSENT DECREE

A. The duration of the Consent Decree shall be twenty-four (24) months from its entry by the court.  The parties agree that this court shall retain jurisdiction over

this action for the duration of the Consent Decree, during which either party may petition this court for compliance with the Consent Decree.

B.  The parties agree to the entry of the Consent Decree, subject to final approval by the court.

C.  Should the court determine that either party has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered. Absent extension, the Consent Decree shall expire by its own terms at the end of twenty-four (24) months from the date of entry of this Consent Decree, without further action by the parties or the court.

DONE this 17th day of August, 2012.

                                          /s/ W. Keith Watkins  
                              CHIEF UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ C. Emanuel Smith
C. EMANUEL SMITH (MS #7473)
REGIONAL ATTORNEY


/s/ Julie Bean
JULIE BEAN (D.C. Bar No. 433292)
SUPERVISORY TRIAL ATTORNEY


/s/ Steven L. Murray
STEVEN L. MURRAY (D.C. Bar No. 379955)
SENIOR TRIAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
205-212-2043
Steven.murray@eeoc.gov

14

/s/ Gerald Miller
GERALD MILLER
(AL Bar No.: ASB-1454-E52G)
SENIOR TRIAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
205-212-2047
Gerald.miller@eeoc.gov


/s/ Eric K. Nix, VP Finance and Administration, Foley Product Company, Inc.

For FOLEY PRODUCTS, INC.



Attorneys for Defendant FOLEY PRODUCTS COMPANY


/s/ John W. Hargrove, Esq.
JOHN W. HARGROVE, ESQ.
Bradley Arant Boult Cummings
One Federal Place
1819 Fifth Avenue North
205-521-8343
Birmingham, AL 35203-2119

## EXHIBIT A

## NOTICE TO ALL FOLEY PRODUCTS COMPANY EMPLOYEES

The Equal Employment Opportunity Commission (the "Commission" or and/or "EEOC") and Foley Products Company ("Foley') have resolved a case filed in 2010 by the Commission, *EEOC v. Foley Products Company,* [Civil Action No. 2:10-cv-827: United States District Court for the Middle District of Alabama, Northern District].

To resolve the lawsuit, Foley and the Commission have entered into a Consent Decree. Foley denies any liability in the lawsuit and was not found liable in the lawsuit but has agreed that it will not discriminate on the basis of race, and that it will hold employees, supervisors and managers accountable for participating in racial discrimination. Foley also agrees that it will train employees, supervisors and managers on Title VII and Foley's prohibitions against race discrimination and ensure that employees, supervisors and managers are clear on how to report and address race discrimination and racial harassment.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., *as amended* ("Title VII"), prohibits discrimination against employees and based upon race, color, sex, religion, or national origin. Title VII further prohibits retaliation against employees who avail themselves of the rights under Title VII by engaging in protected activities such as complaining to an employer about what he or she believes to be a violation of Title VII, or filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is the federal agency which investigates charges of unlawful employment discrimination. The EEOC has the authority to bring lawsuits in federal court to enforce Title VII. If you believe you have been discriminated against, you may contact the EEOC at (205) 212-2000. The EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for twenty-four (24) months from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130 - 22nd Street South, Birmingham, Alabama 35205.

DATE: 8/8/12

_____
For FOLEY PRODUCTS COMPANY

16